IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAI, INC.,<br>317 Drummers Lane<br>Wayne, PA   19087<br>            Plaintiff,<br><br>v.<br><br>MILLER ENERGY RESOURCES, INC., f/k/a<br>MILLER PETROLEUM, INC.<br>3651 Baker Highway<br>Huntsville, TN   37756, and<br><br>COOK INLET ENERGY, LLC<br>601 West Fifth Avenue, Suite 310<br>Anchorage, AK   99501<br>            Defendants. | CIVIL ACTION<br>NO. 2:11-cv-03906-CDJ<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## DEFENDANT MILLER ENERGY RESOURCES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 12(b)(2)

Defendant Miller Energy Resources, Inc., f/k/a Miller Petroleum, Inc., (hereinafter "Miller"), by and through its undersigned counsel, hereby moves to dismiss Plaintiff's Complaint as to Miller for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and in support thereof, avers as follows:

1. Plaintiff alleges causes of action for breach of contract, unjust enrichment and breach of the implied covenant of good faith and fair dealing.

2. Plaintiff filed its Complaint on or about June 15, 2011 and effectuated service on Miller on July 22, 2011. A true and correct copy of Plaintiff's Complaint, with exhibits, is attached hereto as Exhibit "A".

3. At its core, Plaintiff's Complaint is grounded upon the acquisition of certain oil and gas assets in the Cook Inlet region of Alaska (hereinafter "Alaskan Resources"). See Exhibit A.

4. More specifically, Plaintiff alleges that it was engaged by Cook Inlet Energy, LLC ("CIE"), an Alaska limited liability company, to assist it in acquiring the Alaskan Resources. In particular, Plaintiff claims that it was tasked with identifying and dealing with potential investors or lenders and assisting CIE through closing of any transactions. See Exhibit A at paragraphs 11-12.

5. Indeed, the first contract that Plaintiff discusses in its Complaint is the June 12, 2009 Engagement Agreement between Plaintiff and CIE ("Engagement Agreement"). See Exhibit A at para 11 as well as the attached Engagement Agreement.

6. Plaintiff does not allege that Miller was a party to the Engagement Agreement, and in fact, the Engagement Agreement is clear that the only parties to that agreement were Plaintiff and CIE.

7. At some point subsequent to the Engagement Agreement, Plaintiff alleges it identified Miller as a potential investor or joint venture partner. See id. at para 14.

8. Plaintiff goes on to allege that on or about September 8, 2009, Plaintiff, Miller and CIE entered into a Memorandum of Understanding regarding acquisition of the Alaskan Resources. See Exhibit A at para 15 as well as the attached Memorandum of Understanding.

9. Plaintiff's causes of action against Miller stem from an alleged breach of the Memorandum of Understanding, which agreement is the **only** contract in this action to which Miller is a party – and is the only apparent basis for Plaintiff to attempt to assert personal jurisdiction over Miller. Furthermore, execution of the Memorandum of Understanding took

2

place electronically – in three different states (Alaska, Pennsylvania and, in Miller's case, Tennessee).

10. Federal courts, however, do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposely established "minimum contacts" with the forum state, and the exercise of jurisdiction comports with "fair play and substantial justice." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985); Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

11. As explained more fully in Miller's Supporting Memorandum of Law, as well as the attached affidavit of Scott M. Boruff, Chief Executive Officer of Miller (which affidavit is attached hereto as Exhibit "B"), Miller has no "continuous and systematic contacts" with Pennsylvania, and thus, there can be no general personal jurisdiction over Miller. Accordingly, the focus of Miller's instant motion is dismissal for lack of specific personal jurisdiction – which also does not exist with respect to Miller.

12. For specific jurisdiction to exist "(1) the defendant must have purposefully directed [its] activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) the exercise of jurisdiction must otherwise comport with fair play and substantial justice." De Lage Landen Financial Services, Inc. v. New Life Anointed Ministries International, Inc., No. 10-1887, 2011 WL 2601542 at *3 (E.D. Pa. June 30, 2011) (*quoting* O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312 , 317 (3d Cir. 2007).

13. Moreover, once challenged, the plaintiff bears the burden of establishing personal jurisdiction. See O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007).

14. In terms of contract actions – such as the present case – the fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify the exercise of personal jurisdiction over the nonresident. See Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) (stating an individual's contract with an out-of-state party alone does not "automatically establish sufficient minimum contacts in the other party's home forum").

15. In particular, this Court does not have personal jurisdiction over Miller because Miller did not solicit the Memorandum of Understanding or initiate the business relationship leading up to the Memorandum of Understanding, as the Engagement Agreement between Plaintiff and CIE was in place months before Miller became involved. See Vetrotex Certainteed Corp., 75 F.3d 147 at 152 (*comparing* Mellon Bank (East) PSFS v. Farino, 960 F.2d 1217 (3d Cir. 1992)). See also De Lage Landen Financial Services, Inc. v. New Life Anointed, 2011 WL 2601542 at *3. Rather, it was Plaintiff that sought out Miller. See Exhibit A at para 12-14.

16. Moreover, this Court does not have personal jurisdiction over Miller because the Memorandum of Understanding did not imply or set up ongoing contacts between Miller and Plaintiff. See Vetrotex Certainteed Corp., 75 F.3d 147 at 152.

17. Finally, even though Miller does not have the required minimum contacts with Pennsylvania to establish personal jurisdiction, assuming, *arguendo*, that such contacts existed, haling Miller - a Tennessee resident – into a Pennsylvania court as the result of the remote execution of a multi-party agreement concerning subject matter in Alaska would not comport with the "traditional notions of fair play and substantial justice." See e.g., ANR, Inc. v. Rothner, No. 06-2872, 2007 WL 712539 at *5 (E.D. Pa. March 6, 2007).

WHEREFORE, Defendant Miller Energy Resources respectfully requests that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction over Miller pursuant to Pennsylvania Rule of Civil Procedure 12(b)(2).

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

By: /s/ William A. Rubert
William A. Rubert, Esquire (PA ID #42208)
Jerre S. Riggs, Esquire (PA ID #206954)
Chesterbrook Corporate Center
690 Lee Road, Suite 300
Wayne, PA  19087
PH: (610) 964-1900
FX: (610) 964-1981

*Attorneys for Defendant
Miller Energy Resources, Inc. f/k/a
Miller Petroleum, Inc.*

Date: August 11, 2011

## CERTIFICATE OF SERVICE

I, Jerre S. Riggs, Esquire, hereby certify that a true and correct copy of the foregoing *Motion to Dismiss and Memorandum of Law in Support of the Motion to Dismiss* have been served electronically this 11th day of August, 2011, via the Federal Court Filing system upon the counsel of record listed below:

> Richard P. McElroy, Esquire
> Jeffrey C. McElroy
> 202A North Monroe Street
> Media, PA   19063
> *Attorneys for Plaintiff, VAI, Inc.*

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

By: _____
William A. Rubert, Esquire
Jerre S. Riggs, Esquire