IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VAI, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 11-3906 |
| | : | |
| v. | : | |
| | : | |
| MILLER ENERGY RESOURCES, INC., | : | |
| f/k/a MILLER PETROLEUM, INC., and | : | |
| COOK INLET ENERGY, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 4th day of June, 2014, it is hereby **ORDERED** that the Motion to Intervene (Dkt. No. 71) filed by Petitioners Matthew Turner, Valor Syndicate, LLC, and RLT Holdings, LLC, is **DENIED.**[1]

---

[1] Petitioners seek to intervene in this action, arguing that VAI claims title to warrants of Defendant Miller's common stock as part of the demand in the above-captioned case.  Petitioners allege that Thomas Flaherty, president of VAI, used these warrants to collateralize promissory notes, which are the subject of a different litigation in Luzerne County.  Petitioners have been unsuccessful in their attempt to collect on a judgment in the other litigation, and seek to intervene in the above-captioned matter to assert their right to warrants of Miller, to which they believe they are owed.

Federal Rule of Civil Procedure Rule 24(a)(2) permits intervention if:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). To intervene as a matter of right under Rule 24(a)(2), the prospective intervenor must establish that "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir.1987).

Here, the issues under Rule 24(a)(2), are whether Petitioner has a "sufficient interest in the litigation," and whether "the interest may be affected or impaired ... by the disposition of the action .... " *Harris,* 820 F.2d at 596.  Here, VAI is not a party to these loan agreements and Petitioners have failed to show that any interest of theirs will be impaired by the disposition of this action.    Though Petitioner

BY THE COURT:


/s/ C. Darnell Jones, II
_____
C. DARNELL JONES, II
UNITED STATES DISTRICT JUDGE

---

argues that the warrants are the subject of the above-captioned litigation, this is in fact a breach of contract action.  The alleged loan transaction is unrelated to the instant litigation.  Plaintiff's contention that they have an economic interest in the outcome of this litigation, based upon their assertion that they are entitled to the warrants of Miller stock owed to VAI is insufficient to support their motion to intervene as VAI is not a party to any action and Petitioners are not even a creditor of VAI.  *In re Stone & Webster, Inc.*, 335 Fed. Appx. 202, 204 (3d. Cir. 2009) ("having a claim to proceeds of collateral does not entitle a party to intervene").